### KOSTER et al. v. KOEDDING.

(Supreme Court, Appellate Term. February 25, 1901.)

1. SALE—CONFLICTING EVIDENCE—REVIEW.
   Where the evidence is conflicting, the judgment will not be disturbed.
2. SALE—DELIVERY OF PROPERTY—STATUTE OF FRAUDS.
   Where a horse sold defendant had been delivered to and accepted by him, the contention that the sale was void as within the statute of frauds cannot be sustained.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by William Koster and another against John Koedding. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLAN-CHARD, JJ.

J. Rieger, for appellant.
L. Sansers, for respondent.

ANDREWS, P. J. This is an action to recover the value of a horse sold by the plaintiffs to the defendant. Plaintiffs recovered judgment for the price of the horse and costs, and the defendant appeals. The plaintiffs are dealers in horses, and the horse in question was selected by the defendant from a number which the plaintiffs had in their stables. The horse was sent to the defendant, and was kept by him for about 24 hours, and used, and then returned, because the plaintiffs and defendant could not agree about the price. Subsequently, at the request of the defendant, the horse was again sent to him, kept several days, and used in the meantime, and then returned to the plaintiffs, and, a short time after such return, died. The defendant claimed that when he took the horse the second time it was agreed that he should have 30 days' trial. This was disputed by the plaintiffs, who claimed that the defendant had already tried the horse, and had expressed himself as satisfied, except as to the price, and that there was no agreement that the defendant should have any further trial of the horse. The testimony on this point was conflicting, and was decided in favor of the plaintiffs by the court in which the action was tried, and such decision cannot be said to be against the weight of evidence.

Defendant claims that the contract set up by the plaintiffs is void under the statute of frauds. This defense cannot be sustained, because, as decided by the court below,—and, as I think, properly,—there was a delivery of the horse to the defendant, and an acceptance

by him. Nor do I think, upon the evidence, that the defense of a warranty and a breach thereof was sustained.

Judgment should be affirmed, with costs. All concur.

